## WILLIAM PATTERSON *versus* WALTER S. VOSE.

In declaring upon a note payable at a particular time and place, whether on demand or not, no averment or proof of demand is necessary, to enable the holder to maintain an action upon it.

The statute of 1848, chap. 218, applies only to notes payable at a place certain, on demand at or after the expiration of a time specified.

Parol evidence is admissible to show a waiver of demand and notice at the time of the endorsement of the note, and such waiver may be inferred from the facts and circumstances of the transaction.

REPORTED by HATHAWAY, J., presiding at *Nisi Prius.*

The action is brought upon a promissory note of the following tenor.

$180,00.               "ROBBINSTON, November 29, 1855.

"Three months after date, I promise to pay Vose & Joyce or order, one hundred and eighty dollars with interest, at the Calais Bank, value received.

"AMAZIAH NASH."

With an endorsement on the back,

"Pay to the order of William Patterson.

"VOSE & JOYCE."

William Patterson, the plaintiff, a ship carpenter, testified that he worked for Amaziah Nash in building the bark Lapine, and that he had a lien claim upon the bark for the sum of $380, and that he put the vessel into the hands of Vose & Joyce; that Nash paid him a part of his claim and gave him a note for the balance; that said note was payable to him, and that the names of said Nash, and Vose & Joyce were upon the note; that when this note became due he called upon Nash to pay it, and he and Nash went together to see Vose; that Vose offered to give him a six months draft on New York, in payment of the note, but he declined it; that Vose then told him he would give him a three months note, payable at the Calais Bank; that he could carry it to the bank and get it cashed, and he would pay it by a draft on New York on

three months, which would give him six months. He then gave up the note, and took the one now in suit in this action. He presented the note to the bank for discount, but could not get the money. Three or four days after he had a conversation with Vose, and told him the note had become due, and demanded the money. He said he could not pay it at that present time, but he would see Capt. Nash and have it settled immediately, and wished me not to sue the note until he saw me again. I presented the note for payment fifteen days after to Vose, and he declined to pay.

Amaziah Nash, called by the plaintiff, testified that he built the bark Lapine; that the plaintiff worked upon the bark, and held a lien claim against her for his labor, which amounted to $380; that he paid him a part in cash and gave him a note signed by himself and Vose & Joyce for the balance; that this note was payable to the order of William Patterson; that Vose & Joyce had agreed to pay this note and other notes for labor on the vessel, and were to have the proceeds of the sale of the vessel; that he was present when plaintiff presented this note to Vose for payment. Vose offered to give him a six months draft on New York, in order to get time, which plaintiff declined. Vose then told him he would give him a note payable at the Calais Bank, and he could get the money on it there; and he would take the note up at maturity by a three months draft on New York. When he built the bark Lapine he made arrangements with Vose & Joyce to endorse notes to pay the men.

*B. Bradbury,* counsel for the plaintiff.

In this case the plaintiff held the joint note of the defendants and one Nash for labor upon the bark Lapine.

On the 29th of November, 1855, he surrendered it and took the note in suit signed by Nash and endorsed by the defendants.

There was neither a demand upon the maker nor notice to the endorsers when the note matured.

Amaziah Nash testifies that when the note was given to

36

the plaintiff " Vose (one of the plaintiffs) told him (defendant) he could give him a note payable at the Calais Bank and he could get the money on it there, and he would take it up at maturity by a three months draft on New York."

Is this evidence admissible? It is because it does not vary the written contract, but is merely evidence of a waiver of demand and notice. Fuller v. McDonald, 8 Maine R., 213 ; Sanborn v. Southard, 25 Maine R., 409.

To establish such waiver it is not necessary that it should be " direct and positive." " It may result by implication from usage or from any understanding between the parties, which is of a character to satisfy the mind that a waiver was intended." Fuller v. McDonald, above cited.

The language used by Vose to the plaintiff is a waiver of demand and notice. Vose promises to pay the note at maturity, to take it up by a draft on New York. In Fuller v. McDonald, McDonald (the endorser) said if Tucker (the maker) did not pay the note " he would pay it the first time he came to the city." This was held to be a waiver of demand and notice.

In the case of Sanborn v. Southard the endorser promised to pay the note under the same circumstances as in the last cited case.

To take up the note at maturity by a three months draft, which Vose promised to do, would be to pay it, bringing this case within the rule of the two cases before cited.

This case is stronger because the promise here is absolute.

Patterson (the plaintiff,) testifies to the same fact substantially.

Vose was absolutely liable for the debt. The time and mode of payment were for his accommodation. The parties understood that there was a waiver of demand and notice.

That this was so is fully confirmed by the statements of Vose when plaintiff called upon him for payment. He did not pretend that he had not been notified, and, therefore, should not pay. He said " he could not pay it at that present time, but he would see Capt. Nash and have it settled imme-

Patterson *v.* Vose.

diately, and for me not to sue the note until he saw me again."

This is not only a waiver of demand and notice, *but an absolute promise to pay the note.* So that he is liable either way, and this action must be defaulted.

*A. Hayden,* counsel for the defendants.

1. The defendants cannot be held as endorsers of the note in suit, because there has been neither demand on the maker nor notice to the defendants as endorsers.

On this point there is no doubt whatever in fact, nor can there be any doubt that in law the contract of an endorser is conditional, his liability depending on seasonable and legal demand on the maker, and seasonable notice to the endorser.

All the pretence of notice is on the 29th of February, three days before the note was due—of demand, the proof entirely negatives it. Story on Bills of Exchange, 122; Baily on Bills, 217, 368, 369; Chitty on Bills, 264–267; Warren v. Gilman, 15 Maine R., 76; Moor v. Cross. Law Reporter, April, 1857.

2. All the evidence introduced by plaintiffs of the conversation when the note was given, is inadmissible, as tending, if it has any weight at all, to vary the written contract of the defendant.

The whole evidence shows that the conversation was *before* the note in suit was given, and by the testimony of Patterson it related to a proposition of Vose to give their *own* draft on New York at six months, *which was declined;* then to give their *own* note at three months, payable at the Calais Bank, saying that when that note became due they would get the Calais Bank to take their draft to pay it, and thus get the six months; this also was declined, at any rate it was not acted upon, for it appears that then the note in suit was taken, which is not defendants' note, but Nash's note endorsed by defendants.

The same is the testimony of Nash, as to the conversation,

though he says nothing about the note in suit being given then.

It is also inadmissible as evidence of an independent contract, for whatever was Vose & Joyce's proposition, it was never accepted by Patterson, but instead thereof Nash's note with defendants' endorsement, was taken.

It is clear from all the evidence in the case the defendants never intended to assume anything but a conditional liability for bills against the bark. Nash says " I made arrangements with Vose & Joyce to endorse notes to pay the same." The first note, although by the construction of our courts it might be held to denote a liability of Vose & Joyce as makers, in consequence of their not being payees of the note, yet it is evident from the place where they write their names that they thought they were assuming an endorser's liability only, that note having been given up when the note in suit was given, of course their liability on that note cannot be evidence to vary their liability on this note.

It may be remarked, however, that in a recent case in New York, in a well revised opinion, it is decided that the signature of a party *not payee* on the back of the note, the note at the time being in the hands of the payee, only fixes him with an endorser's liability, and he is entitled to the same demand and notice as any other endorser, though he has no claim even against the payee, but is liable to him as if he were first endorser on the paper. Moor v. Cross. Law Reporter, April, 1857.

The importance of adhering strictly to the law excluding parol evidence to vary or control written contracts, is enhanced by the recent change in the law, so as to admit parties to suits as witnesses. A law which, although it has a large preponderance of benefit in its favor, is not entirely free from the charge that it offers temptations to misstatements, which should be guarded against by holding parties offered as witnesses, to the strict rules as to the competency of witnesses. 1 Greenl. on Ev., 315, 316, 319.

3. There is no proof of a waiver by defendants of their right to a demand and notice. All the evidence on this point is from the plaintiff, relating to the conversation on the 29th of February. All he says is, " that Vose said he could not pay it at that present time, but he would see Captain Nash, and have it settled immediately, and for me not to sue the note until he saw me again, and when he did see him again, he declined to pay the note."

Nothing can be inferred from this except Vose meant to try to get Nash to pay the note, and to ascertain his own liability. That he did not mean to admit an absolute liability on his part to pay the note is shown by the fact that he did not ask him absolutely to refrain from suing it, but not to sue it till he saw him again, evidently contemplating the congency that he might defend against the note, but wishing time to ascertain his liability. What he did when plaintiff called again, shows that all Vose meant to do was to try to get Nash to pay it. May v. Coffin, 4 Mass., 341, is precisely parallel.

But even if that could be construed as a promise to pay, it would be void.

1. Because without consideration. 1 Greenl. Ev., 352.

2. Because made under a misapprehension of the facts caused by misstatements made by plaintiff. Plaintiff says, " I told Vose the note had become due, and demanded the money." That was on the 29th of February, and the note was not due till the 3d of March.

It does not appear that he showed him the note, and Vose might well have forgotten the exact date of the note, and have been misled by plaintiff's statement. Under this misapprehension he would suppose that the notice fixed his liability, and might promise to make arrangements to pay the note.

In order to vary a written contract by proof of parol agreement made subsequently, *the evidence must be conclusive* to prove an intention to do so, *with a knowledge of the facts;*

and a new consideration. The acts and sayings of Vose both negative this intention. Davis v. Gowan, 17 Maine R., 387, is directly in point. There it was held that to prove a waiver of notice by a new promise it *must be proved by plaintiff affirmatively* that defendant knew, when he made the promise, that no demand had been made on the maker. In Garland v. Salem Bank, 9 Mass. R., 408, it is decided that when an endorser who was discharged in consequence of a want of notice or demand, *had actually paid the note*, under a belief of his liability arising from a misapprehension of the facts, he may recover it back, in an action for money had and received.

4. This action cannot be maintained because no demand for payment of this note was made at the place where it was payable before the suit was brought.

Statute of 1846, chap. 218, is peremptory on this point: " In an action upon a promissory note, payable at a place certain, after or at the expiration of a specified time, the plaintiff shall not be entitled to recover unless he shall prove a demand to have been made at the place of payment, prior to the commencement of the action."

No demand for payment of this note has ever been made at the Calais Bank.

5. The only promise of which there is any pretence in this case, is to take up this note at maturity, by a draft at three months. No demand for such draft has been made.

APPLETON, J. It appears from the evidence that the plaintiff, having a lien claim for labor on the bark Lapine, which one Amaziah Nash was then building, received in payment of the same the joint note of Nash and the defendants. Their note not having been paid at maturity, they gave in renewal thereof the one in suit, signed by Nash as maker, to the order of, and endorsed by, the defendants, and payable at the Calais Bank in three months. As, when the note became due there was no demand made on the maker nor notice

given to the defendants of its non-payment, they claim to be exonerated from all liability.

It was decided in the House of Lords in the case of Rowe v. Young, 2 Brod. & Bing., 165, that if a bill of exchange be accepted, payable at a particular place, the declaration in an action on such bill must aver presentment at the place and that such presentment must be proved.

In this state the English rule was not adopted. It has accordingly been repeatedly held in case of a note payable at a particular time and place, whether payable on demand or not, that no averment or proof of demand was necessary to entitle the holder to maintain an action on the note. Remick v. O'Kyle, 3 Fairf., 340; McKenney v. Whipple, 21 Maine R., 98.

The statute of 1848, chap. 218, which has been relied upon in the defence, applies only to notes payable at a place certain, *on demand*, at or after the expiration of a time specified. Stowe v. Colburn, 30 Maine R., 32.

In the case before us, the maker of the note, Nash, testifies as follows: "I agreed to give Patterson a note, endorsed by Vose & Joyce, and agreed with Vose that he should pay it — he told me he *would take care of the notes*. I put the property in his hands." In another part of his testimony, referring to the time when this note was given, he says, "that Vose & Joyce had agreed to pay this (the first note) and other notes for labor on the vessel, and were to have the proceeds of the sale of the vessel; that I was present when plaintiff presented this (the first) note to Vose for payment. Vose offered to give him a six months draft on New York in order to get time, *which plaintiff declined*. Vose then told him he would give him a note, payable at the Calais Bank, and he could get the money on it then and *he would take the note up at maturity* by a three months draft on New York." It appears from the testimony of the plaintiff that three or four days after the 29th of February he had a conversation with Vose, which was as follows: "I told him the note had become due, and demanded the money. He said he could

not pay it at that present time, but he would see Capt. Nash and *have it settled* immediately, and *for me not to sue the note until* he saw me again." On cross-examination he said, "Vose said in this conversation that he had paid a good deal of money for Nash, but he did not say he wanted Nash to pay the note. He said he wanted to see Capt. Nash so they could muster something to pay it." In all these conversations it is apparent that Vose was acting in behalf of the firm of which he was a member.

It was held in Fuller v. McDonald, 8 Maine R., 213, that parol evidence is admissible to show a waiver of demand on the maker and notice to the endorser at the time of the endorsement of the note in suit; that such waiver need not be positive, but may be inferred from the facts and circumstances attending the transaction. In Lane v. Stewart, 20 Maine R., 98, a waiver of demand on the maker was held to be sufficiently established by proof that the endorser, at the time of the endorsement of the note said, that if the maker did not pay it when it became due he would, and that after it became due he told the holder that if he would commence a suit against the maker, and could not collect it, he would pay it. So evidence to show a waiver of the necessity of making a demand or giving notice was received in Sanborn v. Jewell, 25 Maine R., 409. "What circumstances will, in our law, amount to the proof of a waiver of due presentment, or the want of due notice of the dishonor, is sometimes a matter of no inconsiderable doubt and difficulty. Slighter circumstances may be sufficient when the situation of the endorser is such as fairly to give rise to the presumption that the note was for his accommodation; or that he had not or could not have sustained any prejudice more than would be essential where no such presumption should arise." Story on Promissory Notes, sec. 277. It is apparent in the case before us that no injury could have arisen to the defendants from want of demand or notice. The vessel upon which the plaintiff had labored, and from the avails of which the funds were expected to meet this claim, was in their hands,

and when this note was taken, in renewal of a preceding one, they had "promised to take it up at maturity," and after maturity they had further promised to "have it settled immediately." In accordance with the previous decisions of this court, the defendants must be regarded as having waived demand and notice, and consequently a default must be entered.

*Defendants defaulted.*

